UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| EDWARD C. HUGLER,<br>Acting Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| AUSTAL USA, LLC, and<br>HKA ENTERPRISES, INC. d/b/a<br>HKA STAFFING SOLUTIONS, | )<br>)<br>)<br>) | **COMPLAINT**<br>(Injunctive Relief Sought) |
| Defendants. | ) | |

Plaintiff brings this action pursuant to §17 of the Act, 29 U.S.C. § 207, to have Austal USA, LLC ("Austal") and HKA Enterprises d/b/a HKA Staffing Solutions ("HKA") enjoined from violating the provisions of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime, together with an equal amount as liquidated damages.

I.

This Court has jurisdiction over this action pursuant 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

II.

Defendant Austal, at all times hereinafter mentioned has been a corporation having a place of business and doing business at 100 Addsco Road, Mobile, AL 36633.

1

III.

Defendant HKA at all times hereinafter mentioned has been a corporation having places of business and doing business at 211 Maryland Street, Mobile, AL 36603.

IV.

At all times hereinafter mentioned:

    A.    Defendant HKA is engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

V.

At all times hereinafter mentioned:

    A.    Defendant Austal is engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual

gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

VI.

From January 7, 2014, Defendants willfully and repeatedly violated the provisions of §7 of the Act, 29 U.S.C. §§ 207 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Defendants failed to include employees' entire regular rate of pay in calculating overtime wages.

VII.

From January 7, 2014, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations. Defendants failed to accurately reflect employees' regular rate of pay on records of hours worked and paid.

VIII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.       Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants,

their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7 and 11(c) of the Act;

B.  Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of the action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof, and such other employees as may be later identified up to or during trial);

C.  And for such other and further relief as may be necessary and appropriate including costs of this action, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

Respectfully submitted this 25th day of April, 2017.

| | |
|---|---|
| ADDRESS: | NICHOLAS C. GEALE<br>Deputy Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br>(404) 302-5435<br>(404) 302-5438 (FAX) | By: /s/Kristin R. Murphy<br>KRISTIN R. MURPHY<br>Attorney<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiffs |